IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIANA BAJANDAS

    Plaintiff,

            v.                               CIVIL NO. 14-1011 (PAD)

CUPEYVILLE, INC.

    Defendant.

**OPINION AND ORDER**

Before the Court are defendant's "Motion to Dismiss Under FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted" (Docket No. 18), and plaintiff's "Opposition to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)" (Docket No. 19). For the reasons explained below, defendant's motion is DENIED.

**I.     BACKGROUND**

Plaintiff Diana Bajandas initiated this action essentially complaining to have been discriminated against and unjustly dismissed from her employment with Cupeyville School, Inc. because of her disability, in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.*; Puerto Rico Law No. 44, P.R. Laws Ann. tit. 1 § 501 *et seq.*; and Puerto Rico Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 § 185a *et seq.* (Docket No. 8 at pp. 1-2 and ¶¶ 41, 49 and 55). As part of her allegations, she included the claim that Cupeyville failed to provide her with reasonable accommodation. Id. at ¶¶ 32, 43, 47 and 49.

Cupeyville has moved to dismiss under Fed. R. Civ. P. 12(b)(6), "any and all claims" regarding failure to accommodate. It contends the amended complaint makes no allegation that

plaintiff requested accommodation of any kind for her asserted disability, and asserts that in fact plaintiff never made such a request (Docket No. 18 at ¶¶ 2 and 7).[1]

##     I.     DISCUSSION

### A.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).  A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory legal allegations (which need not be credited).  Garcia-Catalán v. United States, 734 F. 3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F. 3d 220, 224 (1st Cir.2012).

Should the factual content holistically permit the court to reasonably infer that the defendant is liable for the misconduct alleged, dismissal is not appropriate.  Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).  If the factual allegations are too conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); Rodríguez-Reyes, 711 F.3d at 53.

This inquiry does not demand a high degree of factual specificity.  Garcia-Catalán v. United States, 734 F. 3d at 103.  Sufficiency may be found even if plaintiff has not alleged every fact

---

[1] As support, Cupeyville attached a sworn statement from its School Director to the motion to dismiss.  See, Docket No. 18, Exh. 1.  The Court excludes the sworn statement from consideration of whether dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). A motion under this rule is designed to test the pleadings.  The primary focus is on the complaint, not on materials outside the pleadings.  Carrero-Ojeda v. Autoridad de Energía Eléctrica, --- F.3d ----, 2014 WL 2786536, *5 (1st Cir. June 20, 2014). Consequently, the sworn statement will not be considered in evaluating the sufficiency of plaintiff's allegations.

necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F. 3d at 53-54; Rodríguez-Vives, 743 F. 3d at 286. Against this standard, plaintiff's allegations are sufficient to avoid dismissal

**B**.

Cupeyville contends plaintiff's pleadings do not state a "failure to accommodate" claim because there is no allegation that plaintiff requested accommodation of any kind for her asserted disability, and that in fact she never did so (Docket No. 18 at ¶¶ 2 and 7).

In turn, plaintiff complains that even though her superiors and some co-workers were aware of her medical condition and of the treatment she was receiving, the employer failed to provide her with leaves of absence as reasonable accommodation (Docket No. 8 at ¶¶ 15, 32, 43, 47 and 49). More specifically, plaintiff has alleged that:

1. She was diagnosed with Bipolar Disorder, had problems with medications that caused her to be dissociated and to have somatoform consequences, and Cupeyville was aware of the above. Id. at ¶ 11;

2. She had complications with asthma such that every time she had a coughing attack she would have convulsions and faint, that she so fainted while working, and that her supervisor was notified of the incident. Id. at ¶ 13;

3. She tried to explain to her supervisor the reasons for her diseases and of the recommendations from her doctors, but her supervisor answered that plaintiff had to go to work "like that." Id. at ¶ 14;

4. She took her mask and medications to school and went to the infirmary to take her asthma therapies, but the supervisor gave her a disciplinary memo stating the supervisor was worried because of plaintiff's absences and because plaintiff had not completed her doctorate degree in clinical psychology. Id. at ¶ 17; and

5. She explained to her supervisor the symptoms she was experiencing and that she felt depressed every time she called in order to notify that she was going to be absent from work. Id. at ¶ 26.

Viewed as a whole, the allegations state a facially plausible claim. In general, the employer's duty to accommodate is triggered by a request from the employee. Freadman v. Metropolitan Property, 484 F. 3d 91, 102 (1st Cir. 2007). That is because an employee's disability and concomitant need for accommodation are often not known to the employer. Red v. LePage Bakeries, 244 F.3d 254, 261 (1st Cir. 2001); Freadman, 484 F.3d at 102.

The employee's request does not have to be in writing or formally invoke the magic words "reasonable accommodation." Ballard v. Rubin, 284 F. 3d 957, 962 (8th Cir. 2002); Taylor v. Phoenix School District, 184 F.3d 296, 313 (3d Cir. 1999). However, it must let the employer know of both the disability and that the employee wants assistance for her disability. Broadwater v. State of Minnesota Department of Human Services, --- F.Supp.2d ---, 2014 WL 2177965, at * 10 (D. Minn. May 23, 2014). A statement by the employee that she is disabled or has been diagnosed with a disease or disorder, without more, is not considered a request for an accommodation. Bielich v. Johnson & Johnson, --- F.Supp. 2d ---, 2014 WL 1117939, at *29 (W.D. Pa. March 20, 2014).

### C.

In context, the amended complaint is not facially deficient. Plaintiff does not merely assert that she informed the employer - or that the employer had notice - of her medical conditions and treatment. She has also alluded to conversations she alleges to have had with her supervisor on the subjects of doctors' recommendations and absences from work.

These combined allegations, taken as true, may be ultimately interpreted as a reasonable signal that plaintiff was requesting leave as an accommodation for a known disability. Depending on how the facts are developed in the record, that plaintiff did not make an explicit accommodation

request may not be necessarily dispositive. It does not justify dismissal at this stage of the litigation.

## II.   CONCLUSION

In light of the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), Cupeyville's motion at Docket No. 18 is DENIED. Defendant shall answer the amended complaint on or before July 15, 2014.

**SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of June, 2014.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge